IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARILYN Y. LEWIS,

    Plaintiff,

vs.                                    Case No. 4:08cv441-RH/WCS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending is Plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 406(b). Doc. 25. These fees are to be paid from Plaintiff's award of benefits. Plaintiff was awarded $80,788.50 in past due benefits. *Id.* Plaintiff's attorney had a contingent fee contract with Plaintiff, to be paid 25% of past due benefits awarded if Plaintiff were successful. Plaintiff's attorney now seeks a fee of 25% of the past due benefits awarded. That fee would be $20,197.12. Plaintiff's attorney has received $5,300.00 for work before the Commissioner, so the net § 406(b) fee sought here is $14,897.12. Plaintiff's attorney has previously received an Equal Access to Justice Act fee of

$10,679.43. Defendant does not object, but both parties agree that the EAJA fee should be refunded to Plaintiff. I recommend instead that the payment of this fee to Plaintiff's attorney deduct the EAJA fee.[1] Thus, the § 406(b) fee should be a net of $4,217.69.

Plaintiff worked a total of 63.70 hours on this case before the Commissioner and before this court. The hourly rate sought is about $317 per hour for the total fee of $20,197.12. This court should independently determine whether the contingency fee sought is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), established guidelines for calculating a reasonable fee pursuant to 42 U.S.C. § 406(b).[2] The Court in Gisbrecht said that the district court should first look to the contingent fee agreement and then test the fee sought for reasonableness. 535 U.S. at 808, 122 S.Ct. at 1828. The Court suggested that the fee should be reduced if the representation was substandard, if the attorney was responsible for delay,[3] or if the

---

[1] "Although an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request." Jackson v. Commissioner of Social Security, 601 F.3d 1268, 1274 (11th Cir. 2010). It is preferable to reduce the § 406(b) fee by the amount of the EAJA fee so that there is only one transaction. The § 406(b) should be reduced by the amount of the EAJA fee, and counsel for Plaintiff need not refund the EAJA fee to Plaintiff.

[2] The Court rejected the lodestar method, which this circuit adopted in 1999 and which had been applied in this division since 1991. Kay v. Apfel, 176 F.3d 1322 (11th Cir. 1999); Gray v. Sullivan, MCA 89-50053-WS, report and recommendation, doc. 21, adopted by Chief Judge Stafford on March 14, 1991, doc. 22.

[3] Delay in deciding a social security case causes an increase in past due benefits and thus an increase in the potential § 406(b) fee, which is usually a contingent fee based upon a percentage of those benefits.

fee is a windfall (that is, "large in comparison to the amount of time counsel spent on the case" when compared to the "lawyer's normal hourly billing charge for noncontingent-fee cases"). *Id.*

Defendant does not argue that any significant delay was caused by Plaintiff's attorney and the contingency fee sought here is reasonable. The reasoning of Magistrate Judge Davis in Toler v. Barnhart, case number 3:02cv299-LAC/MD, adopting by Judge Collier on May 10, 2004 (docs. 36 and 38) remains persuasive to me:

> Other circuits have recognized instances in addition to those suggested by the *Gisbrecht* court in which reduction of the contracted 25% amount might be warranted, but none of those are present here. Plaintiff's counsel was diligent in his representation of plaintiff in this case, and his efforts certainly were not substandard. The only other reason advanced by the Supreme Court concerned the reasonableness of the fee in relation to the amount of work performed. Thus, where counsel effectively seeks a windfall, his fee ought to be reduced. Twenty five percent of the plaintiff's award in this case is $18,981.50, or at least that is the amount the Commissioner withheld. That amount, divided by the 11.6 hours reasonably expended in this court, would result in an hourly rate of $1636. While that is very high, it is not uncommon for lawyers who represent plaintiffs in personal injury and wrongful death litigation to receive similar fees. Plaintiffs in those cases, who often have been severely injured and are unable to work, commonly agree to contingency fees of between 33% and 40%, and their ultimate recovery, if there is one, is reduced by that amount. But counsel here is not asking for 25% as his contract with plaintiff otherwise entitles him. Rather, his requested fee will come to 7.66% of plaintiff's recovery after she is refunded the EAJA award. While that results in an effective hourly rate of $625, the court must recognize that if counsel's efforts had failed in this appeal, his hourly rate would have been zero, and plaintiff would have received nothing. The court must also recognize that plaintiffs face a very heavy burden in winning Social Security appeals, and that reversal is the exception in this court, not the rule, further underscoring the contingent nature of these cases.

Toler v. Barnhart, case number 3:02cv299-LAC/MD, report and recommendation, doc. 36, pp. 3-4. *See also* Claypool v. Barnhart, 294 F.Supp. 829 (S.D. W.Va. 2003) (approving a § 406(b) contingent fee of 11% of past due benefits resulting in an hourly

rate of $1,433.12 per hour). Magistrate Judge Davis (recommendation adopted by Senior District Judge Vinson) continues to adhere to this reasoning. <u>Critchfield v. Astrue</u>, 2009 WL 2973275 (N.D. Fla. Sep 10, 2009) (No. 3:08cv32-RV/MD).

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 406(b), doc. 25, be **GRANTED**, and the court **ORDER** the Commissioner to disburse $4,217.69 from Plaintiff's past due benefits to Plaintiff's counsel.

**IN CHAMBERS** at Tallahassee, Florida, on February 23, 2011.

        s/ William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**